534

## CIRCUIT COURT OF NELSON COUNTY

Anthony G. Clark

v.

A. G. Small, II,
and Eugene Edward Clark

July 13, 2006

Case No. CH050000099

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to furnish you with the ruling of the court in this matter. I find that Anthony G. Clark lacked sufficient mental capacity to execute the deed to A. G. Small, II. I find that there has not been sufficient proof of either undue influence or fraud. I grant rescission of the transaction between Anthony G. Clark and A. G. Small, II. I grant to Anthony G. Clark an undivided one-third interest in this real estate.

In 2005, A. G. Small, II, acquired by two deeds a parcel containing 2.042 acres in the Afton area of Nelson County. By one deed, Anthony G. Clark and his father Eugene E. Clark conveyed their interest to Mr. Small. By separate deed, David M. Cash conveyed his interest to A. G. Small, II.

The prior owner of this real estate was Lesia F. Clark, the sister of Anthony G. Clark. She was killed in an automobile accident. She died intestate. Lesia Clark was not married and did not have any children. Accordingly, pursuant to Va. Code § 64.1-1, a one-half interest in this real estate descended to each of her parents.

Eugene Clark and Shirley Cash were the mother and father of Lesia Clark and Anthony Clark. At the time of Lesia's death, they were divorced and Shirley Cash was married to David M. Cash. Shirley Cash subsequently died intestate. Accordingly, under the provisions of Va. Code § 64.1-1, two-thirds of her interest in this real estate passed to Anthony G. Clark, her only surviving child, and one-third passed to David M. Cash, her husband. No disclaimer of any interest inherited in this real estate was filed pursuant to Va. Code § 64.1-196.5. Thus, at the time of Shirley Cash's death, Eugene Clark had a one-half interest in the subject real estate, Anthony Clark had a one-third interest in the subject real estate, and David M. Cash had a one-sixth interest in the subject real estate.

After the death of Lesia Clark in 2001, Anthony G. Clark moved into the home on the real estate. He made the mortgage payments on the home. However, over the course of time, he fell behind in the mortgage payments. Neither David Cash nor Eugene Clark contributed to the mortgage payments.

Eventually, foreclosure proceedings were instituted. Anthony Clark contacted Donna Small, the daughter of A. G. Small, II, about a loan to catch-up the mortgage payments. Although Donna Small did not agree to loan him money, A. G. Small, II, contacted Anthony Clark about purchasing his interest in the real estate. Ultimately, A. G. Small, II, offered to purchase the interest of Anthony Clark for $2,000.00 plus payment of the mortgage on the real estate. Eventually, Anthony Clark signed the deed to A. G. Small, II, and Mr. Small paid off the mortgage a day before the foreclosure sale. Eugene Clark also signed the deed, but he did not receive any consideration. David M. Cash conveyed his interest for $100.00.

Dr. Marilyn F. Minrath, a forensic clinical psychologist, performed a comprehensive psychological evaluation of Anthony Clark. Dr. Minrath is a clinical psychologist with impeccable credentials. Dr. Minrath found that the IQ of Anthony Clark is in the low average classification. Specifically, she found that he had a Full Scale IQ of 84. This means that 75% of the general population has intellectual functioning well above him. In her report, she found that his intellectual deficit compromised his ability to comprehend complex life situations and negotiate problems in a thoughtful and logical manner. She stated that "he simply does not have the cognitive facility to understand the meaning of conceptual, abstract matters, or compute and solve mathematical problems pertaining to the management of his finances." *Minrath Deposition Exhibit # 3*. She further stated that Anthony Clark's "intellectual functioning severely limits his capacity to fully comprehend even simple financial matters, let alone, a complex real estate transaction." In her deposition testimony, Dr. Minrath opined that Anthony Clark did not have sufficient mental capacity to understand

the "nature" of the transaction with Mr. Small (*Minrath, p. 24*); and he did not have sufficient mental capacity to understand the provisions of the deed. (*Minrath, p. 26.*)

Every person is presumed to be of sound mind, and the burden is upon the party who alleges mental incapacity to prove that allegation. *Howard v. Howard*, 112 Va. 566, 568, 72 S.E. 133 (1911). Further, mental weakness alone will not invalidate a deed because courts do not engage in measuring capacities. *Lohman v. Sherwood*, 181 Va. 594, 607, 26 S.E.2d 74 (1943). Also, no specific degree of mental acuteness is to be prescribed to measure the capacity of a person to execute a deed. *McGrue v. Brownfield*, 202 Va. 418, 425, 117 S.E.2d 701 (1961). The test for determining capacity to be bound by a deed or contract is whether, "at the time the instrument was executed, the grantor possessed sufficient mental capacity to understand the *nature* of the transaction and agree to its provisions." *Brown v. Resort Developments*, 238 Va. 527, 529, 385 S.E.2d 575 (1989) (emphasis added); (*Lohman*, 181 Va. at 607).

In addition to the testimony of Dr. Minrath, the court observed Anthony Clark during his courtroom testimony. It was clear to the court that he struggles to understand concepts with any complexity. It took him an unusual amount of time to respond to even the most simple questions. This courtroom observation confirmed the findings of Dr. Minrath. Further, the testimony of Gladys Harring and Margo Miller, neighborhood friends of Anthony Clark, confirmed the court's observation. Accordingly, I find that Anthony Clark did not have sufficient mental capacity to understand the nature of the transaction and agree to the provisions of the deed.

The plaintiff also sought to set aside the transaction on the grounds of undue influence and fraud. Undue influence requires the plaintiff to prove by clear and convincing evidence that the free agency of a person has been destroyed. *Tabb v. Willis*, 155 Va. 836, 858, 156 S.E. 556 (1929); *Redford v. Booker*, 166 Va. 561, 574, 185 S.E. 879 (1936).

Because it is difficult to prove undue influence by direct evidence, there are two situations where the burden is shifted to the proponent of the contract or deed. The first occasion is where there is great weakness of mind together with gross inadequacy of consideration or circumstances of suspicion. The second situation is where a person is standing in special confidence towards another so that he cannot accept from such person a personal benefit without risk. *Fishburne v. Ferguson*, 84 Va. 87, 111-13, 4 S.E. 575 (1887).

In this case, there has neither been sufficient direct proof of undue influence nor evidence sufficient to shift the burden. There is no direct, eyewitness proof, that A. G. Small, II, pressured or threatened Anthony Clark. Further, although Anthony Clark does have great weakness of mind, it has not

been established that there was gross inadequacy of consideration. Betsy Critzer, a real estate appraiser, testified that the fair-market value of the real estate was $90,000.00. This appraisal did not take into consideration that foreclosure proceedings had been instituted against the real estate and that, at the time the transaction occurred, the foreclosure was scheduled to occur on the following day. This is an obvious condition which will depress the amount of money that can be received from the sale of real estate. The amount of money actually paid for the real estate was approximately $58,660.00. This consisted of the payoff to the mortgagee plus $2,000.00 to Anthony Clark. Under these stressful circumstances, the court cannot find that there was *gross* inadequacy of consideration.

Also, the circumstances are not suspicious. Mr. Clark was the person searching for a loan. It was only after Anthony Clark contacted Mr. Small's daughter that Mr. Small tried to acquire the real estate.

Further, there is no evidence that Mr. Small was in a fiduciary or confidential relationship with Mr. Clark. Mr. Clark made the first contact with Mr. Small's daughter rather than Mr. Small making contact with Mr. Clark. Other than a buyer and seller relationship, there was no relationship proven that would constitute a confidential relationship or a fiduciary relationship.

There is simply no proof of actual fraud or fraud in the inducement or procurement. These varieties of fraud require proof by a clear and convincing standard of an actual intent to defraud. *Davis v. Marshall Homes*, 265 Va. 159, 165, 576 S.E.2d 504 (2003). There is no proof in this case to meet this standard.

The plaintiff raises a Statute of Frauds argument. Due to the ruling on capacity, it is not necessary to address this question. However, the court finds that the Statute of Frauds does not apply because this was a completed transaction.

Based upon the rulings in this letter, Mr. Clark owns a one-third interest in the real estate and Mr. Small owns a two-thirds interest in the real estate. Mr. Meador is directed to prepare an order that rescinds the transaction as to the interest of Mr. Clark. This order should be placed on record in the land records of the Circuit Court of Nelson County and indexed under the names of both A. G. Small, II, and Anthony G. Clark.